```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF VIRGINIA
                  Richmond Division
```

UNITED STATES OF AMERICA

v.                                                 Criminal No. 3:12CR113

BOBBY DWAYNE BRUNSON

### MEMORANDUM OPINION

Bobby Dwayne Brunson, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 45). The Government has responded, asserting, inter alia, that Brunson's § 2255 Motion is untimely filed. (ECF No. 47.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.

### I. PROCEDURAL HISTORY

On July 16, 2012, a grand jury returned a one-count Indictment against Brunson, charging him with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). (Indictment 1, ECF No. 1.) On October 19, 2012, Brunson pled guilty to the one count alleged in the Indictment. (Plea Agreement ¶ 1, ECF No. 17.)

Prior to sentencing, a Probation Officer determined that Brunson "qualif[ied] for the Armed Career Criminal enhancement, pursuant to [United States Sentencing Guideline] § 4B1.4(a) as a

result of his three prior serious drug offenses committed on occasions different from one another." (Pre-Sentence Investigation Report ("PSR") ¶ 30, ECF No. 26.) Specifically, Brunson had previously been convicted of Distribution of Cocaine as well as two separate charges of Possession of Cocaine with Intent to Distribute. (Id.) On March 12, 2013, the Court entered judgment against Brunson and sentenced him to 180 months of imprisonment. (J. 2, ECF No. 43.) Brunson did not appeal.

On or about January 15, 2016, Brunson placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 2.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Brunson contends that he is entitled to relief pursuant to United States v. Vann, 660 F.3d 771 (4th Cir. 2011), because his November 16, 2007 Alford[1] plea to the charge of Possession of Cocaine with Intent to Distribute no longer qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"). (§ 2255 Mot. 2.) Brunson also vaguely asserts that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). (Id.)

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. 28 U.S.C. § 2255(f)(1)

Because Brunson did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, March 26, 2013, the last date to file an appeal. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov.

15, 2010) (citing <u>Arnette v. United States</u>, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Brunson had until Wednesday, March 26, 2014 to file any motion under 28 U.S.C. § 2255. Because Brunson did not file his § 2255 Motion until January 15, 2016, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

B.  **Belated Commencement**

While Brunson does not explicitly mention § 2255(f)(3), he seeks relief pursuant to the decision in <u>United States v. Vann</u>, 660 F.3d 771 (4th Cir. 2011), as well as the Supreme Court's decision in <u>United States v. Johnson</u>, 135 S. Ct. 2551 (2015). Accordingly, the Court will consider whether either of these decisions provides a basis for belated commencement of the limitation period under § 2255(f)(3).

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." <u>United States v. Mathur</u>, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert <u>that right</u> will have

4

one year from this Court's decision within which to file his § 2255 motion." <u>Dodd v. United States</u>, 545 U.S. 353, 358-59 (2005) (emphasis added). Under that provision, "[t]he meaning of 'right asserted' in 28 U.S.C. § 2255 [(f)](3) is the substantive right that forms the basis for the § 2255 motion . . . ." <u>Outler v. United States</u>, 485 F.3d 1273, 1280 (11th Cir. 2007).

### 1. Overview Of The ACCA

The ACCA provides: "In the case of a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). "These definitions of 'violent felony' fall into three respective categories: (1) the elements clause; (2)

the enumerated-crimes clause; and (3) and the residual clause." Ziglar v. United States, No. 2:16-CV-463-WKW, 2016 WL 4257773, at *2 (M.D. Ala. Aug. 11, 2016) (citing In re Sams, 830 F.3d 1234, 1236-37 (11th Cir. 2016)).

### 2. United States v. Vann

In Vann, the Fourth Circuit considered whether a defendant's three prior convictions under North Carolina's indecent liberties statute[2] qualified as violent felonies under the ACCA. 660 F.3d at 773. The Fourth Circuit assumed that a violation of subsection (a)(2) of the statute qualified as a violent felony under the ACCA. Id. at 774. Vann had been charged conjunctively with violating subsections (a)(1) and (a)(2). Id. at 775. The Fourth Circuit concluded that there

---

[2] The statute in question provides in pertinent part:

> (a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the agent of 16 years for the purpose of arousing or gratifying sexual desire; or
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the agent of 16 years.

N.C. Gen. Stat § 14-202.1(a).

was not enough documentation in the record to support a finding that Vann had violated subsection (a)(2) of the statute. Id. at 775-76. Accordingly, the Fourth Circuit vacated Vann's sentence, concluding that his indecent liberties convictions did not qualify as violent felonies under the ACCA. Id. at 776-77. Vann, however, is not a Supreme Court decision recognizing a new right, and therefore fails to satisfy the requirements of § 2255(f)(3). See Teal v. United States, Nos. 4:12-2391-TLW, 4:09-950, 2013 WL 4776723, at *4 (D.S.C. Sept. 4, 2013) (concluding that defendant could not rely upon Vann for purposes of § 2255(f)(3) because Vann is not a Supreme Court decision). Thus, Brunson lacks entitlement to a belated commencement period under Vann.

### 3. United States v. Johnson

In Johnson, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257 (2016), that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch, 136 S. Ct. at 1264-65. As noted supra, however, Brunson was found to be an armed career criminal because of his three prior convictions for serious drug offenses. (See PSR ¶ 30.) Johnson, however, "does not have

anything to do with the proper classification of drug offenses" under the ACCA. Stanley v. United States, 827 F.3d 562, 564 (7th Cir. 2016). Accordingly, Brunson cannot rely upon Johnson to render his § 2255 Motion timely filed under § 2255(f)(3). See Outler, 485 F.3d at 1280. Thus, Brunson has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

### III. CONCLUSION

For the foregoing reasons, Brunson's § 2255 Motion (ECF No. 45) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Brunson and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 14, 2017

---

[3] Neither Brunson nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) & (4), or for equitable tolling.

8