IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:12CR113

BOBBY DWAYNE BRUNSON

## MEMORANDUM OPINION

Bobby Dwayne Brunson, a federal prisoner proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 45). By Memorandum Opinion and Order entered February 14, 2017, the Court denied Brunson's § 2255 Motion because it was barred by the applicable one-year statute of limitations. United States v. Brunson, No. 3:12CR113, 2017 WL 600088, at *3 (E.D. Va. Feb. 14, 2017). On February 27, 2017, Brunson filed a motion seeking relief under Fed. R. Civ. P. 59(e) ("Rule 59(e) Motion," ECF No. 51).[1]

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit

---

[1] This is the date Brunson states he placed his Rule 59(e) Motion in the prison mailing system (Rule 59(e) Mot. 12), and the Court deems this the filed date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Brunson relies on the first ground for relief, arguing that the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), warrants reconsideration of the denial of his § 2255 Motion. (Rule 59(e) Mot. 1.) Brunson contends that Mathis "completely invalidates [his] Armed Career Criminal Act (ACCA) statutory sentence because the most innocent conduct under the Virginia Drug Act statute - - under which [his] predicate convictions fall - - do not rise to the level of constituting a federal controlled substance offense." (Id.)

In Mathis, the Supreme Court reaffirmed the approach by which courts should determine if a prior conviction is one of the enumerated violent felonies set forth in 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the ACCA. 136 S. Ct. at 2243. Specifically, courts must compare the elements of the state crime with the generic version of the enumerated federal offense. Id. at 2248 (citing Taylor v. United States, 495 U.S.

2

575, 600-01 (1990)). If the state crime was "the same as, or narrower than, the relevant generic offense," the state crime qualified as an enumerated offense under the ACCA. Id. at 2257. The Court emphasized that district courts "may not ask whether the defendant's conduct—his particular means of committing the crime—falls within the generic definition." Id. Moreover, "that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA . . . does not care about." Id.

The Court construes Brunson's 59(e) Motion to assert that he is entitled to belated commencement of the limitation period for his § 2255 Motion based upon Mathis. A petitioner is entitled to belated commencement of the limitations period under 28 U.S.C. § 2255(f)(3) based upon a right "initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Mathis, however, is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3). See United States v. Grubb, No. 7:00cr00015, 2017 WL 384701, at *3 (W.D. Va. Jan. 26, 2017); Milan v. United States, Nos. 3:16-CV-1850-D-BK, 3:09-CR-0095-D-1, 2017 WL 535599, at *2 (N.D. Tex. Jan. 18, 2017), Report and Recommendation adopted by 2017 WL 529334 (N.D. Tex.

Feb. 9, 2017); United States v. Sonczalla, No. 07-187 (RHK), 2016 WL 4771064, at *2 (D. Minn. Sept. 12, 2016); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016); cf. In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a second or successive application under 28 U.S.C. § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law made retroactive to cases on collateral review). Therefore, Brunson cannot rely upon the Mathis decision to render his § 2255 Motion timely filed.

Even if the decision in Mathis were retroactively applicable to cases on collateral review, it would provide no relief to Brunson. Brunson was sentenced under the ACCA because of his previous convictions for Distribution of Cocaine and Possession of Cocaine with Intent to Distribute. Brunson, 2017 WL 600088, at *1. Because Brunson was not sentenced under the violent felony provision of the ACCA, Mathis does not apply. Cf. United States v. Jeffery, No. 14-cr-20427-01, 2017 WL 764608, at *2 (E.D. Mich. Feb. 28, 2017) (concluding the same with respect to defendant sentenced as a career offender pursuant to § 4B1.2(a) of the Sentencing Guidelines because of his two prior controlled substances convictions). Accordingly, Brunson fails to demonstrate an intervening change in controlling law or any other basis for granting relief under

4

Rule 59(e). Brunson's Rule 59(e) Motion (ECF No. 51) will be denied. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion to Brunson and counsel of record.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: April 3, 2017
Richmond, Virginia