IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:12cr113

BOBBY DWAYNE BRUNSON

## MEMORANDUM OPINION

This matter is before the Court on the DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND MEMORANDUM OF LAW IN SUPPORT THEREOF (ECF No. 85). Having considered the Motion, the United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 90), the UNITED STATES AND DEFENDANT'S JOINT STATUS REPORT (ECF No. 92), the position of the Probation Office (ECF No. 89), the Presentence Report (ECF No. 88), and the file, the DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND MEMORANDUM OF LAW IN SUPPORT THEREOF (ECF No. 85) will be denied.

## BACKGROUND

On October 19, 2012, the defendant was found guilty, upon a plea of guilty, to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The circumstances of the offense are uncomplicated. While executing a search warrant, the Richmond, Virginia police officers discovered and seized a

Remington Model 870, 12-gauage shotgun. Because Brunson was a previously convicted felon, his possession of the shotgun was in violation of 18 U.S.C. § 922(g)(1). Because of three previous serious drug offenses as defined in 18 U.S.C. § 924(e)(2)(A) the defendant was determined to be an Armed Career Criminal under § 4B1.4(a) of the sentencing guidelines. According to the Presentence Report, the Offense Level was 30 and the Criminal History Category was IV. There was a restricted 180 month incarceration period and the incarceration range was 180 months to life.

Brunson was sentenced to 180 months in prison, the minimum available sentence at the time. Brunson is incarcerated at FCI Petersburg Low facility which houses 489 prisoners, 421 of which have received COVID-19 vaccines as of May 14, 2021. Brunson was offered a vaccine, but he refused it.

While in prison, Brunson has completed a drug education program and a drug treatment program and has participated in a number of educational classes. And, he has earned his GED. Brunson is considered a Low-Level Risk for Recidivism (ECF No. 85, Ex. 7 (ECF No. 71) to defendant's previous Motion for Compassionate Release).

Brunson bases the request for compassionate release on the fact that he has chronic obstructive asthma with acute exacerbation

2

and chronic obstructive pulmonary disease for which he takes medications, namely Albuterol Inhaler HFA, Ipratropium HFA and Mometasone Furoate. On June 10, 2020, Brunson submitted a request for compassionate release to the Warden at FCI Petersburg. On July 10, 2020, the Warden denied the request on the basis of the finding that the defendant did not meet the criteria for reduction in sentence based on a debilitating medical condition. A previous motion for compassionate release (ECF No. 70) was denied without prejudice. The present motion was filed on March 27, 2021 and therein the defendant argues that he is particularly susceptible to COVID-19 and is more likely to suffer severe consequences from the virus because he suffers from chronic obstructive asthma with acute exacerbation and chronic obstructive pulmonary disease. He argues that incarceration at FCI Petersburg exposes him to a particularized risk of contracting COVID-19 and that he is not a danger to himself or to the community.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that

extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). United States v. White, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The policy statements are not binding but are informative and may be considered. United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). The cases teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." United States v. White, ___ F. Supp.3d ___, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020) (quoting United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020)).

1. **Particularized Susceptibility**

The defendant has established that he suffers from chronic obstructive asthma with acute exacerbation and chronic obstructive pulmonary disease. The United States agreed that Brunson met the particularized susceptibility factor because his asserted conditions were on the CDC list. However, the fact that a defendant has established a higher susceptibility to COVID-19 does not resolve the particularized susceptibility requirement because identified risk factor conditions must be serious to constitute extraordinary and compelling reasons. It appears from the record that the conditions on which Brunson bases his motion are "chronic conditions that can be managed in prison [and thus] are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020). In addition, the medical records filed herein

outline that Brunson receives regular medical care, adjustment of his medications, and testing related to the chronic health issues.

Nonetheless, the Court will consider that Brunson has met the particularized susceptibility risk facet of the applicable test because of the Government's concession.

2. **Particularized Facility Risk**

However, Brunson has not met the particularized facility risk component of the appropriate test. His motion cites press releases and information respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Petersburg-Low, the defendant's facility of incarceration. Further, the record reflects that, at the time of the filing of the Government's papers, FCI Petersburg-Low had no active case of COVID-19 among inmates, and 14 active cases of COVID-19 among staff. As of May 14, 2021, 421 out of 489 inmates at FCI Petersburg-Low had been fully vaccinated. Brunson was offered the vaccine but refused it.

On this record, Brunson has not satisfied the particularized facility aspect of the test.

3. **Assessment Under 18 U.S.C. § 3553(a)**

But, even if Brunson had met the particularized facility assessment (which he has not), it would be appropriate to deny

6

compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a). Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community. The defendant argues, in conclusory fashion, that he is not a danger to the community because he has no history of violent offenses. It is true that Brunson does not have a conviction for a violent offense, but Brunson does have a long history of drug dealing, which creates dangers in the community, and he has demonstrated willingness to return to that dangerous trade time and again even after receiving lenient sentences in state court. In other words, Brunson has shown a strong tendency to recidivate. That and the serious nature of his criminal history counsels that the sentence should be served as imposed in order to deter the defendant and to protect the public and promote respect for the law.

Brunson's commendable rehabilitative efforts (G.E.D. and substantial course work and his drug education and treatment) do not call for a different result because they do not outweigh the effects of the offense conduct, and Brunson's serious criminal past and proclivity.

## CONCLUSION

For the reasons set forth above, the DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND MEMORANDUM OF LAW IN SUPPORT THEREOF (ECF No. 85) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 28, 2021